UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL D. NEFF,<br><br>        Plaintiff,<br><br>v.<br><br>MURIEL BOWSER, *et al.*,<br><br>        Defendants. | Civil Action No. 20-03531 (KBJ) |

DEFENDANTS' REPLY IN SUPPORT OF
CROSS-MOTION FOR SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1
ARGUMENT ....................................................................................................................... 2
   I.    Plaintiff's Claims Are Not Justiciable............................................................... 2
   II.   Plaintiff's Damages Claim Should Be Dismissed on Its Face......................... 5
      A.    Plaintiff Concedes He Cannot Recover the Damages He Seeks Under   the Takings Clause. ..................................................................................................... 5
      B.    The Moratorium Did Not Cause Plaintiff's Alleged Damages..................... 6
   III.  The Court Should Deem All of Defendants' Material Facts Admitted Because Plaintiff Does Not Dispute Defendants' Statement of Material Facts...... 8
   IV.  Plaintiff's Claims Fail on the Merits. .......................................................... 10
      A.    The District Can Abolish or Alter a Cause of Action Without Violating the Right of Access to Courts. .............................................................................. 10
      B.    The Moratorium Does Not Violate the Contracts Clause.......................... 11
      C.    The District Is Entitled to Judgment on Plaintiff's Takings Claim........... 14
   V.   Preliminary Injunctive Relief Is Not Warranted. .......................................... 15
CONCLUSION................................................................................................................ 16

## INTRODUCTION

Plaintiff Carl Neff wants to evict his tenant because he alleges she is damaging his property. He argues that four provisions of law, collectively referred to in the Parties' briefings as "the Moratorium," unconstitutionally prevent him from seeking the eviction he desires. But plaintiff lacks standing to seek prospective relief, because he does not face any certainly impending harm from any provision of the Moratorium, and because his case may fit into one of its exceptions. If this Court does not agree that plaintiff lacks standing, it should abstain from deciding plaintiff's claims because they may all be avoided by a local court decision on whether his case fits into an exception.

Even if this Court finds it has jurisdiction, and exercises it, plaintiff's claim for damages should be dismissed because he has failed to oppose the arguments the District of Columbia (the District) put forth in its cross-motion for summary judgment or, in the alternative, to dismiss plaintiff's Amended Complaint (Motion). Alternatively, plaintiff's damages claim should be dismissed because the District did not cause the alleged damages.

Further, if this Court exercises jurisdiction, it should also grant judgment for the District on plaintiff's remaining claims. Plaintiff does not dispute any material facts, and fails to counter the arguments in the District's Motion.

Finally, even if this Court finds plaintiff is likely to succeed on the merits, it should deny emergency injunctive relief, because the balance of the equities and the public

interest favor saving lives over plaintiff possibly avoiding property damage that is fully reparable.

## ARGUMENT

I. <u>Plaintiff's Claims Are Not Justiciable.</u>

    A. <u>Plaintiff Lacks Standing To Seek Prospective Relief.</u>

Plaintiff lacks standing to challenge any provision of the Moratorium because he does not face any certainly impending injury as a result of the Moratorium. In its Motion, the District demonstratedd that plaintiff lacks standing to challenge D.C. Code § 42-3505.01(k), which suspends certain evictions, because, if his allegations are true, his case may fit into one of the statutory exceptions found in the next subsection, § 42-3505.01(k-1). Mem. Supp. Defs.' Opp'n and Cross-Mot. for Summ. J., or, In the Alternative, Mot. to Dismiss (Defs.' Mem.), [8] at 21-22.[1] Thus, because the Eviction Moratorium might not apply to him at all, plaintiff does not face any "certainly impending" injury as a result of that provision. *Id.* In response, plaintiff argues that the other three provisions of the Moratorium prevent him from employing the exceptions of (k-1) because they prevent landlords from serving *any* notice to vacate, from filing *any* summary claim for eviction, and from effecting proper service of *any* such complaint until the end of the public health emergency. Mem. Supp. Pl.'s Mot. for Prelim. Inj. and Summ. J., and Opp'n to Defs.' Cross-Mot. for Summ. J. (Pl.'s Opp'n), [9] at 8. He describes this as an "absurd result." *Id.* But plaintiff's interpretation of the Moratorium is incorrect.

---

[1]    All citations to filings are to the ECF, not native, page numbers.

The exceptions found in § 42-3505.01(k-1) apply to each other provision of the Moratorium for at least three reasons. First, the Council of the District of Columbia (the Council) enacted the Filing Moratorium to clarify the scope of the Eviction Moratorium in § 42-3505.01(k)(3).[2] *See* Coronavirus Omnibus Emergency Act of 2020, D.C. Act 23-317 (May 13, 2020) (titling the Filing Moratorium as "eviction clarification"). As solely a "clarification," it follows that the Filing Moratorium would not cover cases outside the scope of the Eviction Moratorium itself, including the exceptions recited in subsection (k-1). Second, the exceptions apply as a matter of statutory construction and common sense. If the exceptions did *not* apply to the Filing Moratorium, the Summons Delay and the Notice Moratorium, as plaintiff argues, a housing provider who obtained a judgment that one of the exceptions applies would nevertheless be prevented from evicting a tenant because those other provisions would preclude filing, serving or succeeding on such a claim.[3] That would render the subsection (k-1) exceptions essentially superfluous. *See Stevens v. D.C. Dep't of Health*, 150 A.3d 307, 315-16 (D.C. 2016) (statutes should be construed "so that no part will be inoperative or superfluous, void or insignificant" (quoting *Corley v.*

---

[2] The District uses the same defined terms here as in its Motion.

[3] As the text of D.C. Code § 42-3505.01(k-1) makes clear, a judicial determination that one of the exceptions applies is a condition precedent to initiating an eviction proceeding. *See id.* (stating eviction can occur only when a "court of competent jurisdiction *has*" found an exception exists (emphasis added)); *see Walter Reed Mews Ltd. Partner v. Wilkins*, Case No. 2005 LTB 29799, 2006 WL 3043114, at *2 (D.C. Super. Ct. 2006) (construing identical language in a separate provision of the same statute to require "a judicial determination that illegal activity has occurred … before a housing provider can initiate proceedings to evict the tenant").

3

*United States*, 556 U.S. 303, 314 n.5 (2009))). Third, and relatedly, concluding that the exceptions do not apply would mean that the Council nullified the enumerated exceptions *sub silentio* because a housing provider would still be unable to begin the eviction process in cases where an exception applies. It is "highly unlikely that the Council would have altered preexisting law in so fundamental a way implicitly rather than explicitly." *Newell-Brinkley v. Walton*, 84 A.3d 53, 58 (D.C. 2014).

Under District law, then, plaintiff faces no certainly impending injury as a result of the Moratorium because, if his allegations are true, and he obtains a judicial determination that one of the (k-1) exceptions applies, then he could continue with any subsequent proceedings unconstrained by the Moratorium. It is plaintiff's burden to establish he has standing, and that he faces a certainly impeding injury. *E.g.*, *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013). Plaintiff has not carried that burden.

### B. The Court Should Abstain From Deciding Plaintiff's Constitutional Challenges Because They May Be Avoided Under State Law.

Alternatively, this Court should abstain from exercising jurisdiction over all of plaintiff's claims (including his damages claim), under the *Pullman* abstention doctrine. Plaintiff raises only constitutional questions. These are issues of first impression, some of which are currently pending before the District of Columbia Court of Appeals. *See District of Columbia v. Towers*, 21-CV-34 (D.C. 2021) (addressing the constitutionality of the Filing Moratorium). As discussed above, plaintiff's case may not be subject to *any* of the Moratorium's provisions—but no plaintiff has yet advanced this argument in a District of Columbia court, and no court

has ruled on whether plaintiff's case fits into these exceptions. The relationship between, and interpretation of, the Moratorium's four provisions is thus uncertain under District of Columbia law. To avoid unnecessarily deciding plaintiff's constitutional challenges, this Court should decline to exercise jurisdiction over his claims and permit District of Columbia courts to decide in the first instance whether the Moratorium applies to plaintiff's case. *See* Defs.' Mem. at 25-26 (discussing *Pullman* abstention doctrine); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 512 (1972).

## II. Plaintiff's Damages Claim Should Be Dismissed on Its Face.

### A. Plaintiff Concedes He Cannot Recover the Damages He Seeks Under the Takings Clause.

The Court should treat the District's motion to dismiss plaintiff's claim for damages as conceded, under Local Civil Rule 7(b). That rule requires an opposing party to file a memorandum of points and authorities in response to any motion, and specifies that if "such a memorandum is not filed, the Court may treat the motion as conceded." "Though this circuit has rejected the application of this" rule to "motions for summary judgment, it remains in place for motions to dismiss." *Lee-Thomas v. LabCorp*, 316 F. Supp. 3d 471, 474-75 (D.D.C. 2018) (citation omitted) (granting unopposed motion to dismiss as conceded under Rule 7(b)); *see also, e.g.*, *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016); *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 484 (D.C. Cir. 2016); *Wannall v. Honeywell*, 775 F.3d 425, 428 (D.C. Cir. 2014);

5

*Resolution, Inc.*, 251 F. Supp. 3d 240, 245 (D.D.C. 2017) (applying LCvR 7(b) to motion to dismiss).

In his opposition, plaintiff failed to respond in any substantive way to the District's argument that the damages he seeks cannot be recovered under the Takings Clause. *Compare* Defs.' Mem. at 43-44, *with* Pl.'s Opp'n at 19. Plaintiff's three-sentence response lacks citation to any authority. Pl.'s Opp'n at 19. In effect, plaintiff has failed to file a memorandum of points and authorities in opposition to the District's Motion to dismiss his damages claims. *Id.* For this reason, and for the reasons stated in the Motion, this Court should dismiss plaintiff's claim for damages. *See* LCvR 7(b); Defs.' Mem. at 43-45; Pl.'s Opp'n at 19; *Lee-Thomas*, 316 F. Supp. at 474-75; *Habliston*, 251 F. Supp. 3d at 245.

### B. The Moratorium Did Not Cause Plaintiff's Alleged Damages.

Even if this Court finds that plaintiff has properly opposed the District's motion to dismiss, and that damages other than diminution in rental value are recoverable under a takings claim, plaintiff's damages claim should still be dismissed because no conduct by the District caused plaintiff's alleged damages. Plaintiff brings his claim for damages as a part of his Takings Clause claim under 42 U.S.C. § 1983. Am. Compl. [5] ¶ 5, pp. 1, 14. "Tort law proximate cause principles apply to § 1983 actions." *Elkins v. District of Columbia*, 610 F. Supp. 2d 52, 61 (D.D.C. 2009). "Proximate cause requires both a causal relationship between the [unlawful] act and the plaintiff's injury and foreseeability of the injury." *Id.*

6

Here, plaintiff seeks compensation for damage allegedly done by his tenant to his property, and for fines allegedly imposed as a result of that damage. *E.g.*, Am. Compl. at 16 (Prayer for Relief (E)). He argues that these damages are "a direct result of the Moratorium," because "[h]ad [p]laintiff been able to engage in legal proceedings to evict his Tenant, the damages could have been avoided." Pl.'s Opp'n at 19. That argument defies common sense because plaintiff also alleges that the damage done by his tenant would be *the basis for* the eviction he seeks. *See* Am. Compl. ¶ 56; Pl.'s Opp'n at 9; *see also* Pl.'s Opp'n at 21 (arguing that plaintiff acted with "alacrity" in filing this suit for relief *after* his property was "flooded in October 2020").

Plaintiff has not plausibly alleged that the District's enactment of the Moratorium caused plaintiff's damages, because there is no reason to believe plaintiff would have evicted his tenant *before* suffering the damages he alleges, even if there were no Moratorium. Plaintiff alleges that his tenant started calling him and yelling during the summer of 2020—but he does not allege that was a breach of the Lease, or that he would have tried to evict her then, but for the Moratorium. *See* Am. Compl. ¶ 23. The only other allegations relating to damages range between October 15, 2020 and December 2020. *Id.* ¶¶ 24-41. Even if plaintiff had served his tenant with the legally required notice to vacate on October 15, 2020, he would have had to wait 30 days before filing for eviction, D.C. Code § 42-3505.01(b); and at least another 7 business days after serving his complaint to appear at an initial hearing, *see* D.C. Code § 16-1502; and then some unknown amount of time after that to appear at trial; followed by an unknown amount of time after that to execute the eviction (if he

7

succeeded). The earliest he *might* have had an *initial* hearing then, would have been November 24, 2020, that is, just a week before the most recently alleged damage seems to have occurred, in "December 2020." Even if the initial hearing happened at the earliest possible date, it is not plausible that plaintiff would have succeeded at trial and executed an eviction order within the next week. And there is no reason to believe plaintiff's tenant damaged his property *because of* the Moratorium—at the very least, plaintiff nowhere alleges that his tenant knows the Moratorium exists. Plaintiff's claim for damages should therefore be dismissed. *See Elkins*, 610 F. Supp. 2d at 62 (denying claim for damages not caused by the defendant's unconstitutional conduct); *cf. Martinez v. California*, 444 U.S. 277, 285 (1980) (affirming state action did not proximately cause plaintiffs' injury).

### III. The Court Should Deem All of Defendants' Material Facts Admitted Because Plaintiff Does Not Dispute Defendants' Statement of Material Facts.

As required by Local Civil Rule 7(h), the District filed a statement of undisputed material facts in support of its motion for summary judgment. *See* Defs.' Statement of Undisputed Material Facts Supp. Cross-Mot. for Summ. J. (SUMF) [8] at 52. The Court should deem all of the facts in the District's SUMF admitted because plaintiff has not controverted any of them with citations to record evidence.

Local Civil Rule 7(h) requires all motions for summary judgment to be accompanied by a statement of material facts, with "references to the parts of the record relied upon to support the statement." LCvR 7(h)(1). Any opposition to a motion for summary judgment must include a response to that statement, which identifies all material facts about which there is a genuine dispute, and which

8

controverts disputed facts with citations to evidence in the record. *Id.* "The Court may assume that facts identified by the moving party" in its SUMF "are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." *Id.* Uncontroverted facts are routinely assumed to be admitted under this rule. *E.g., Jankovic v. Int'l Crisis Group*, 822 F.3d 576, 588 (D.C. Cir. 2016) ("Under the local rules, uncontested facts may be taken as true for purposes of summary judgment."); *Hawkins v. District of Columbia*, Civil Action No. 17-1982, 2020 WL 601886, at *2-4 (D.D.C. Feb. 7, 2020) (admitting movant's facts where non-movant cited only to the complaint in response); *Willis v. FBI*, Civil Action No. 17-1959, 2019 WL 2138036, at *5 (D.D.C. May 16, 2019) (accepting unrebutted facts as true); *Francis v. Acosta*, Civil Action No. 16-763, 2019 WL 1858302, at *5-6 (D.D.C. Apr. 25, 2019) (same), *aff'd sub nom. Francis v. Scalia*, No. 19-5162, 2020 WL 282945 (D.C. Cir. Jan. 8, 2020).

Here, although plaintiff filed a statement in support of his own motion along with his reply, nothing in that statement (or any other document) responds to or disputes the facts set forth in the District's SUMF. *See generally* Pl.'s Statement of Undisputed Material Facts Supp. Mot. for Summ. J. [12]. Thus, plaintiff has failed to controvert or rebut any of the facts set forth in the District's SUMF, and this Court should deem all of those facts admitted. *See* LCvR 7(h); *Hawkins*, 2020 WL 601886, at *2-4; *Willis*, 2019 WL 2138036, at *5; *Francis*, 2019 WL 1858302, at *5-6.[4]

---

[4] As outlined in the District's response to plaintiff's statement, plaintiff has also failed to support many of his own "facts" with citations to record evidence: eight of

9

## IV. Plaintiff's Claims Fail on the Merits.

### A. The District Can Abolish or Alter a Cause of Action Without Violating the Right of Access to Courts.

In its Motion, the District argued that the Moratorium does not violate the right of access to courts because the Moratorium merely alters a cause of action, and the District can alter a cause of action without violating the right. Defs.' Mem. at 26-28. In response, plaintiff appears to concede that the District could *abolish* a cause of action without violating the right. Pl.'s Opp'n at 10. But he faults the District for not citing an "authority supporting [its] view that any moratorium amounts to an abolishment of an underlying cause of action." *Id.* The District's position is that the Moratorium temporarily *alters* the cause of action, not that the cause of action has been abolished. Defs.' Mem. at 26-28. And certainly the greater power to abolish includes the lesser power to alter or temporarily suspend. *See Garcia v. Wyeth-Ayerst Laboratories*, 385 F.3d 961, 968 (6th Cir. 2004) (holding "argument that a state statute" alters cause of action by "stiffen[ing] the standard of proof … does not implicate" the right of access to courts); *cf. Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 604 (1974) ("[T]he definition of property rights is a matter of state law … ."); *McQueen v. Nat'l Capital Hous. Auth.*, 366 A.2d 786, 798 (D.C. 1976) ("Property interests, of course, are not created by the Constitution.").

Plaintiff also urges this Court to follow the reasoning of a ruling from the Superior Court of the District of Columbia, which held that one aspect of the

---

plaintiff's 16 facts lack any specific citation, and six of the remaining eight cite only to plaintiff's Amended Complaint.

10

Moratorium violates the right of access to courts. Pl.'s Opp'n at 11. The District has appealed that decision. *See* Defs.' Mem. at 27-28.

### B. The Moratorium Does Not Violate the Contracts Clause.

#### 1. The Moratorium Reasonably Advances a Compelling Interest.

In 2018, the Supreme Court reaffirmed a two-part test for Contracts Clause violations: The Clause applies only when the challenged act "operate[s] as a substantial impairment of a contractual relationship," but, even when it does operate as a substantial impairment, the act does not violate the Contracts Clause if it is "drawn in an 'appropriate' and 'reasonable' way to advance a 'significant and legitimate public purpose.'" *Sveen v. Melin*, 138 S. Ct. 1815, 1821 (2018) (quoting *Energy Reserves Group, Inc. v. Kansas Power and Light Co.*, 459 U.S. 400, 411-12 (1983)); Defs.' Mem. at 29.

Plaintiff ignores this precedent, insisting that the Moratorium is invalid if it "extends beyond what is necessary to achieve the government's interests." Pl.'s Opp'n at 16. But that is not the standard applicable here. The demanding standard plaintiff cites applies when, for example, state action draws racial distinctions; in such cases, "the means chosen to accomplish the government's asserted purpose must be specifically and narrowly framed to accomplish that purpose." *Grutter v. Bollinger*, 539 U.S. 306, 333 (2003) (internal quotation marks omitted). In contrast, most infringements on contracts are subject to deferential review. *E.g.*, *Sveen*, 138 S. Ct. at 1821; *Energy Reserves*, 459 U.S. at 412-13 ("Unless the State itself is a contracting party, as is customary in reviewing economic and social regulation, courts properly

11

defer to legislative judgment as to the necessity and reasonableness of a particular measure.") (citations and internal quotation marks omitted); *Keystone Bituminous Coal Ass'n v. DeBenedictus*, 480 U.S. 470, 506 (1987).

The Moratorium survives this deferential standard of review. Defs.' Mem. at 38-39. Plaintiff does not dispute that it serves a compelling interest, *compare* Defs.' Mem. at 36 *with* Pl.'s Opp'n at 14-16, or that it was designed to enable residents to shelter or distance in place as necessary, and to minimize dislocation, in the face of a particularly contagious airborne disease, Defs.' Mem. at 38-39. None of the cases plaintiff cites concern purported contract infringements arising from legislation designed to save lives. And the distinctions plaintiff does assert are incorrect. The Moratorium does not "apply broadly to all tenants." *Compare* Pl.'s Mem. at 16 *with* D.C. Code § 42-3505.01(k-1) *and* Argument Section I.A above. The Moratorium does leave "open the opportunity to pursue certain remedies through a breach of contract claim." *Compare* Pl.'s Mem. at 16 *with* Defs.' Mem. at 34.

### 2. Plaintiff Misinterprets the District's Arguments Concerning Substantial Impairment.

As established in the District's Motion, plaintiff has failed to show that the Moratorium operates as a substantial impairment of his contract, for a variety of reasons. Defs.' Mem. at 33-34. Notably, plaintiff does not dispute that he could file an action for breach of contract and seek full compensation for his alleged damages. *Compare id. with* Pl.'s Opp'n at 12-14. He does not allege that his tenant has stopped

12

paying rent. *See generally* Am. Compl.[5] And plaintiff never had an unconditional right to evict his tenant. *See generally* D.C. Code § 42-3505.01; Defs.' Mem. at 32-33. His ability to evict was subject to numerous express limitations when he entered into the Lease, and to limitations implied by the District's police power, and prior uses of that power to afford relief to tenants during declared emergencies. *Id.* Even assuming the Moratorium applies to his case, plaintiff is thus able to substantially secure the benefit of his bargain without evicting his tenant. In any event, as discussed above, the Court need not decide whether the Moratorium operates as a substantial impairment to plaintiff's contract; it is enough to find that it reasonably advances a significant and legitimate purpose, even if impairment is assumed.

Nonetheless, for the sake of clarity, the District will correct certain assertions in the plaintiff's opposition on this point. The District does not agree that plaintiff has established that his tenant failed to adhere to the contractual provisions of his Lease. *See* Defs.' Mem. at 22-23. *But see* Pl.'s Opp'n at 13. Even if he did establish that, the District likewise has not argued that removal of an enforcement mechanism can never substantially impair contract obligations. The Contracts Clause instead requires legislation to be considered on a case-by-case basis. Defs.' Mem. at 39. And plaintiff argues the District cannot point to another, prior example of District regulation "amount[ing] to a suspension of the landlord's longstanding right to evict

---

[5] In his opposition, plaintiff asserts for the first time that he is suffering economic harm "due to nonpayment and other lease violations," Pl.'s Opp'n at 20, but there is nothing in the record or in the allegations he has put forward to establish this. It is not clear what this uncited, passing reference means.

13

for an indefinite length of time." But the District did point to such an example: a regulatory regime, passed amid World War I, that indefinitely suspended a landlord's ability to evict a tenant, so long as the tenant continued to pay rent and perform lease obligations, according to terms determined by an administrative commission. *See* Defs.' Mem. at 30-31 (citing The Food Control and the District of Columbia Rents Act, P.L. 66-93 § 106, 41 Stat. 298 (1919)). Those restrictions did not violate the Contracts Clause, and neither do the restrictions imposed by the Moratorium here. *See* Defs.' Mem. at 30-31 (citing *Block v. Hirsch*, 256 U.S. 135, 158 (1921)).

### C. The District Is Entitled to Judgment on Plaintiff's Takings Claim.

#### 1. The Moratorium Does Not Effect a Physical Taking.

Plaintiff's claim under the Takings Clause cannot be distinguished from the claims advanced, and denied, in *Yee v. City of Escondido*, 503 U.S. 519 (1992). Defs.' Mem. at 40-42. Plaintiff offered nothing to rebut this contention in his opposition. *Compare* Pl.'s Mem. Supp. Mot. for Prelim. Injunction and Summ. J., [6-1] at 29 ("[T]he Tenant has exceeded the scope of Plaintiff's invitation ... .") *with* Pl.'s Opp'n at 17-18 (attempting to distinguish *Yee* by arguing that "the Tenant has exceeded the scope of Plaintiff's invitation"). Accordingly, the District is entitled to judgment on plaintiff's claim under the Takings Clause. Defs.' Mem. at 40-42.

#### 2. Plaintiff Is Not Entitled to Prospective Relief.

Even if this Court found that the Moratorium effects a physical taking, plaintiff is not entitled to an order invalidating the Moratorium, or to injunctive relief. The remedy for a taking is monetary compensation. Defs.' Mem. at 42 (citing *Knick v.*

*Twp. of Scott*, 139 S. Ct. 2162, 2176 (2019)). In opposition, plaintiff does not distinguish, or even acknowledge, the Supreme Court's most recent decision on point. Pl.'s Opp'n at 18-19 (failing to discuss *Knick*, or any case decided after *Knick*). Instead, he argues that injunctive relief is available when the alleged injuries "cannot be compensated by money damages" or "ascertained with any degree of certainty," and "the injury is of a continuing nature." *Id.* at 18 (quoting *Kucera v. State*, 995 P.2d 63, 69 (Wash. 2000)). But the case plaintiff quotes is merely reciting standards for injunctive relief under Washington State law, and the decision nevertheless holds that the proper remedy for the plaintiffs' alleged taking is compensation. *Kucera*, 995 P.2d at 69-70. And even under plaintiff's putative standard, he is not entitled to injunctive relief because his alleged injuries can be compensated with damages. *See* Defs.' Mem. at 46. Accordingly, the District is entitled to judgment on plaintiff's requests for prospective relief. Defs.' Mem. at 42.

## V. Preliminary Injunctive Relief Is Not Warranted.

For similar reasons, even if the Court finds plaintiff is likely to succeed on the merits, plaintiff is not entitled to emergency injunctive relief under any claim. Plaintiff does not dispute that empirical evidence has shown that eviction moratoria help to limit the spread of COVID-19, and to save lives, and that the effect is stronger when moratoria reach the early stages of eviction proceedings. *See* SUMF ¶¶ 32, 33; Argument Section III above. And plaintiff has not established that he has suffered *any* harm thus far. *See* Defs.' Mem. at 48. Even if he has suffered, or will suffer, harm by having to repair damage done to his property, such harm is reparable with money

15

damages. *Id.* at 46. Thus, preservation of the status quo here could literally save lives, but plaintiff has failed to demonstrate that he is entitled to the extraordinary remedy of an emergency relief at all. Under these circumstances, the balance of the equities and the public interest weigh decidedly against plaintiff, and the Court should deny emergency injunctive relief.

## CONCLUSION

For the foregoing reasons, and those stated in the District's Motion, the Court should deny plaintiff's motion for preliminary injunction and for summary judgment, grant the District's motion to dismiss plaintiff's claim for damages, and grant summary judgment for the District on plaintiff's remaining claims.

Dated: March 5, 2021.    Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TONI MICHELLE JACKSON
Deputy Attorney General
Public Interest Division

*/s/ Fernando Amarillas*
FERNANDO AMARILLAS [974858]
Chief, Equity Section

*/s/ Mateya B. Kelley*
MATEYA B. KELLEY [888219451]
MICAH BLUMING [1618961]
Assistant Attorneys General
ANDREW J. SAINDON [456987]
Senior Assistant Attorney General
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
Phone: (202) 724-7854
Fax: (202) 730-0626
mateya.kelley@dc.gov

micah.bluming@dc.gov
andy.saindon@dc.gov

*Counsel for Defendants*